UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIS DIAZ,
    Plaintiff,

    v.                                              CIVIL ACTION NO. 16-11579-NMG

JEREMY DREW, et al.,
    Defendants.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT (#66).

KELLEY, U.S.M.J.

I. Introduction.

On August 3, 2016, *pro se* plaintiff Luis Diaz, a pretrial detainee housed at the Massachusetts Correctional Institution at Cedar Junction, filed this action against several correctional officers, Department of Corrections staff members, and various other individuals[1] alleging violations of state and federal statutes and Diaz's constitutional rights[2] stemming from

---

[1] It is unclear against whom specifically several of plaintiff's allegations are levied given that he fails to identify the person(s) responsible for many of the harms set forth. In addition, Diaz continues to attempt to add defendants to the case. *See, e.g.*, #33 (Notice for Supplemental Inclusion of Additional Defendants).

[2] Diaz's initial submission (#1), which, for the sake of this motion, will be treated as the operative complaint, states that the action is brought under "42 U.S.[C.] §§ 1985 and 1983." (#1 at 1.) Plaintiff, however, continues to submit supplements to his complaint that contain additional facts and allegations premised on statutes and constitutional amendments not addressed in his original filing. *See, e.g.*, #19 at 4 (seeking relief under the 5th, 6th, 7th, 8th, and 14th amendments to the United States Constitution); #58 at

an ongoing "campaign of obstruction and intimidation[]" undertaken in an effort to retaliate against plaintiff for filing grievances and this action. (#1 at 1-2.) Over the course of the litigation, Diaz has filed a number of supplements to his complaint as well several motions in which additional facts are proffered and supposedly incorporated into the complaint. *See* ##1, 4, 8, 10, 33, 43, 44, 56, 58, 61. From all that appears, it is plaintiff's intention that these documents be construed together as his complaint. *See, e.g.*, #58 at 9 ("all statement[s] of fact[] in all supplemental and original complaints and any statement of fact supplement in any and all filed documents . . . must be considered as a whole.").

Presently before the court is a motion by defendants Jeremy Drew, Elena Clodius, Harrold Wilkes, Mathew Sawash, William Byrnes, and Michael Kasprzak seeking a more definite statement pursuant to Rule 12(e), Fed. R. Civ. P. (#66.) As explained below, the court finds Diaz's pleadings deficient to the extent that a repleader is necessary.

II. Standard of Review.

A party may move for a more definite statement when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The "rule 'is designed to remedy unintelligible pleadings, not merely to correct for lack of detail.'" *Jones v. Revenue Assistance Program*, No. CV 15-14017-NMG, 2016 WL 3919843, at *8 (D. Mass. July 14, 2016), *appeal dismissed* (Nov. 16, 2016) (quoting *Ivymedia Corp. v. iLIKEBUS, Inc.*, 2015 WL 4254387, at *6 (D. Mass. July 13, 2015)). "Rule 12(e) relief is the most suitable remedy where, as here, the plaintiff is proceeding *pro se* and the parties are unable to engage in discovery until they are capable of identifying the specific claims against the specific

---

1 (asserting that "this action is also an action for Americans with Disabilities Act . . . and the Religious Land Use and Institutionalized Persons Act . . . .").

individuals." *Carter v. Newland*, 441 F. Supp. 2d 208, 214 (D. Mass. 2006) (citing *Hilska v. Jones,* 217 F.R.D. 16, 25 (D.D.C. 2003)).

III. Discussion.

"While the court is mindful that it must construe *pro se* complaints liberally, even *pro se* litigants are bound by the Federal Rules of Civil Procedure." *Janosky v. Massachusetts P'ship for Corr. Healthcare*, No. 15-CV-12929-IT, 2017 WL 1164490, at *1 (D. Mass. Mar. 28, 2017) (citing *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75-76 (1st Cir. 2014) and *F.D.I.C. v. Anchor Properties*, 13 F.3d 27, 31 (1st Cir. 1994)). Here, the litany of filings that make up Diaz's complaint fall far short of the threshold requirements established by the Federal Rules of Civil Procedure.

A. Rule 8 General Rules of Pleading.

Rule 8, Fed. R. Civ. P., mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must include "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'" *Silverstrand Investments. v. AMAG Pharmaceutical, Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (alteration in original) (citation and further internal quotation marks omitted)); *Barbosa v. Commonwealth of Massachusetts*, No. CV 14-13439-ADB, 2016 WL 3976555, at *2 (D. Mass. July 22, 2016). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)). Although the requirements of Rule 8(a)(2) are minimal, "'minimal requirements are not tantamount to

nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)).

The plaintiff's obligation to provide the grounds of his claims "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "only a complaint that states a plausible claim for relief" states a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "'the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2) in second quotation).

Just as Rule 8 establishes the threshold requirements of what must be set forth in a complaint, so too does it provide a bookend as to the extent of what information a litigant is entitled to include therein. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The documents that make up Diaz's complaint are verbose, disjointed, and fail to comport with the requirements of Rule 8.

As an initial matter, plaintiff continues to file documents in which he seeks to add additional facts, claims, defendants, and forms of relief sought. When read together, these documents fail to articulate any coherent claim beyond a general displeasure with the way in which he has been, and continues to be, treated while in custody. Even though Diaz is proceeding *pro se*, that does not give him license to bombard defendants with new allegations throughout these proceedings. The court is aware that the alleged misconduct against plaintiff is ongoing, however, he need only allege as much in the complaint; he need not supplement his pleadings with each new instance of alleged wrongdoing.

Another flaw in Diaz's filings is that he fails to detail against whom specifically he is asserting the various causes of action that are strewn throughout the papers. In its current form, the complaint does not permit defendants to identify the specific wrongdoing alleged against the specific actor(s). The complaint must connect each defendant identified in the title of the complaint to the harm Diaz accuses them of inflicting upon him.

Diaz must identify with specificity the causes of action on which his claims are based. For example, alleging that a defendant's actions are "an offense to the Constitution" is an insufficient basis on which to ground a claim. *See* #43 at 4. Defendants are entitled to know the nature of their alleged actions and how these actions are wrongful.

B. <u>Rule 10 Form of Pleadings</u>.

Rule 10, Fed. R. Civ. P., establishes the appropriate form in which a pleading is to be submitted. Diaz's complaint and supplemental filings fail to comply with Rule 10 in several respects.

1. <u>Title</u>.

Section (a) of Rule 10 mandates that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.[3] The title of the complaint must

---

[3] Rule 7(a), Fed. R. Civ. P., states that

> [o]nly these pleadings are allowed:
>
> (1) a complaint;
>
> (2) an answer to a complaint;
>
> (3) an answer to a counterclaim designated as a counterclaim;
>
> (4) an answer to a crossclaim;
>
> (5) a third-party complaint;

name all the parties . . . ." Review of plaintiff's filings evidences facts and allegations against individuals who are not named in the title of the complaint. *See, e.g.*, #4-1 at 1-6 (addressing allegedly false statements made by a Dr. Toomey). The court is aware that Diaz may not be in possession of the information necessary to identify all of the alleged wrongdoers, however, to the extent he is aware (including information that has been provided by defendants), plaintiff must identify these individuals and entities in the title of his complaint.[4]

### 2. Paragraph Structure.

Section (b) of Rule 10 provides in part that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Review of Diaz's filings shows that some of his paragraphs are numbered. However, these paragraphs are in no way limited to a single set of circumstances. Many of the paragraphs span multiple pages, contain multiple allegations, and address a variety of subject matter. In addition, plaintiff fails to parse out his specific causes of action and the relief requested. To the best of his abilities Diaz is to produce a complaint that contains numbered paragraphs that are limited to specific allegations or as close as reasonably practicable.

---

> (6) an answer to a third-party complaint; and
>
> (7) if the court orders one, a reply to an answer.

[4] As explained by the district court judge to whom this case is assigned:

> Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). If, through discovery, the plaintiff discovers the true names of these unnamed defendants, he should act promptly to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to identify the correct parties and their alleged misconduct and to dismiss any baseless claims. *See id.* at 8 n. 5

(#14 at 1-2.) Given that Diaz has exhausted his one-time right to amend, *see infra* Section C., any attempt to add additional defendants must comport with the requirements of Fed. R. Civ. P. Rule 15(a)(1)(B) and this Order.

C. <u>Rule 15 Amended and Supplemental Pleadings</u>.

In his initial submission, Diaz states that he "preserve[s] [his] right to amend this complaint at any time due to the obstructions herein claimed." (#1 at 2.) Plaintiff has submitted a number of filings that contain additional facts and claims that were not addressed in his initial complaint. Diaz puts defendants in the untenable position of trying to identify exactly against whom this action has been brought and of what they are accused based on a constantly evolving factual basis. Plaintiff's current practice fails to comply with Rule 15(a)(1), Fed. R. Civ. P., which states that

> [a] party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

After this one-time right has been exhausted, Diaz may make further amendments "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Such a request for leave should be granted freely by the court when justice so requires. *Id.* Here, plaintiff has exhausted his right to amend. Prior to the filing of any additional documents proffered in an attempt to support or supplement the complaint, Diaz must obtain the written consent of the opposing parties or shall file a motion seeking leave from the court to do so along with a concise argument as to why such leave is required.[5] No further supplements or amendments will be considered without compliance with the procedure set forth in Rule 15, Fed. R. Civ. P.

---

[5] It bears mention that

> [a]t a certain point, this amendment-friendly regime may cease to govern. Rule 16 directs a district court to issue a scheduling order charting the anticipated course of the litigation. *See* [Fed. R. Civ. P.] 16(b)(1). One customary element of such an order is a deadline for amending the pleadings. *See id.* 16(b)(3)(A). Such a deadline, like other deadlines

IV. Conclusion.

For all the reasons stated, Defendants' Motion for a More Definite Statement (#66) is ALLOWED. Diaz shall, within 60 days of this Order, file an amended complaint (styled as the "First Amended Complaint") in which *all* defendants, facts, alleged wrongdoing, grounds for relief, and specific relief sought are to be identified in a way that comports with this Order and the Federal Rules of Civil Procedure.[6]

|  | /s / M. Page Kelley |
|---|---|
|  | M. Page Kelley |
| August 4, 2017 | United States Magistrate Judge |

---

    contained in a scheduling order, may be modified only upon a showing of 'good cause.' *Id.* 16(b)(4). Thus, when a litigant seeks leave to amend after the expiration of a deadline set in a scheduling order, Rule 16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard. *See, e.g., Cruz v. Bristol–Myers Squibb Co., P.R., Inc.*, 699 F.3d 563, 569 (1st Cir. 2012); *Trans–Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008).

*U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015).

[6] Any reference to the previously filed complaint or supplements submitted in support contained in plaintiff's First Amended Complaint shall not be considered. Diaz is to produce a single operative pleading.