|  |  |  |
|---|---|---|
| | ) | |
| LUIS DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 16-11579-NMG |
| | ) | |
| JEREMY DREW, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises from the alleged mistreatment of pro se
plaintiff Luis Diaz ("Diaz" or "plaintiff"), who is currently
incarcerated at the Souza Baranowski Correctional Center in
Shirley, Massachusetts ("SBCC"). Diaz was transferred from the
Department Disciplinary Unit ("DDU") at the Massachusetts
Correctional Institution at Cedar Junction in Walpole,
Massachusetts ("MCI-Cedar Junction") after completing a 27-month
disciplinary sanction at that facility.

In his complaint, Diaz alleges that defendants, who are
various employees of the Massachusetts Department of Correction
("the DOC"), inter alia, beat him, withheld food and toiletries,
retaliated against him, wrongly placed him in the Departmental
Disciplinary Unit, withheld supplies needed for his legal case

and prevented him from getting mental health treatment, all in violation of 42 U.S.C. §§ 1981, 1983 and 1985.

The following motions are pending before the Court:

1) Plaintiff's motion for injunctive relief to preserve video footage (Docket No. 64),

2) Plaintiff's motion for reconsideration of the Court's May, 2017 memorandum and order (Docket No. 72),

3) Plaintiff's motion for Fed. R. Civ. P. 60(b) relief (Docket No. 75),

4) Plaintiff's motion to check the facts and evidence of defendant's associates in the SBCC (Docket No. 84),

5) Plaintiff's motion to focus the Court's attention to the plaintiff's specific motions concerning the record, pens and paper (Docket No. 85),

6) Defendants' motion to dismiss for failure to comply with court order (Docket No. 88) and

7) Plaintiff's motion for an extension of time to file a response to defendants' motion to dismiss (Docket No. 90).

For the reasons that follow, the Court will deny the plaintiff's six pending motions and allow defendants' motion to dismiss.

## I. Background

Diaz is incarcerated and awaiting trial on state charges at SBCC. The defendants who have been served are employees of the DOC: the Director of the Departmental Disciplinary Unit (the "DDU") Elena Clodius, Captain William Harold a/k/a Harrold Wilkes, Sergeant Michael Kasprzak and Correction Officers Jeremy

Drew, Burns a/k/a William Byrnes and Matthew Sawash

(collectively, "defendants").[1]

The parties offer different versions of the facts.

Plaintiff alleges that corrections officers beat him in

September, 2015.  He asserts that when he decided to file a

lawsuit about the beating, prison officials began to retaliate

against him by issuing fake disciplinary "tickets".  He also

claims that he has been denied showers and toiletries and that

officers have tampered with his legal documents.  He alleges

officer misconduct, such as officers telling him to kill

himself, making racist and homophobic comments to him, sexually

harassing him and desecrating his Muslim hairstyle.  He asserts

that 1) defendants are starving him, 2) he has been denied due

process and 3) he is being held illegally.

According to defendants, plaintiff's version of the facts

is delusional.  They rely on the affidavit of Michael Rodrigues,

the Superintendent of MCI-Cedar Junction, in which Mr. Rodrigues

states that plaintiff receives three meals daily and that Diaz's

allegations of officer misconduct have been investigated and

found to be unsubstantiated.  Defendants also rely on the

---

[1] Plaintiff also names as defendants Steven Adam, Julie Flanagan,
any officials involved in disciplinary proceedings and John Doe.
Those individuals have not been served and thus this Court
construes the pending motions as applying only to the served
defendants.

affidavit of Mitzi Peterson, the DOC's Director of Behavioral Health, in which she states that Diaz has received adequate psychological treatment.

Plaintiff filed a complaint in August, 2016, alleging that defendants have engaged in actions prohibited by 42 U.S.C. §§ 1981, 1983 and 1985 by violating the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff further claims that defendants have violated Article 12 of the Massachusetts Declaration of Rights.

That same month, Plaintiff moved to proceed in forma pauperis, for the appointment of counsel and for injunctive relief. This Court allowed the motion to proceed in forma pauperis and denied without prejudice the motion to appoint counsel. Plaintiff's motion for injunctive relief was also denied without prejudice because he had not served defendants.

In January, 2017, plaintiff moved for a hearing. In March, 2017, defendants Clodius, Wilkes, Kasprzak, Drew, Byrnes and Sawash were served. The following month, plaintiff moved for emergency injunctive relief, for injunctive relief to stop starvation and for a hearing on his motions for injunctive relief. He also filed a third motion for the appointment of counsel. Defendants moved for an extension of time to respond to the complaint and for exemption from Local Rule 7.1. At the

end of April, plaintiff moved for injunctive relief to preserve video footage.

In May, 2017, this Court entered a memorandum and order taking under advisement plaintiff's motion for injunctive relief to preserve video footage but denying his other motions and allowing defendants' motions. With respect to the motion that the Court took under advisement, the Court requested that defendants answer three questions:

1) Why has plaintiff been held for such a lengthy period before trial on the pending state charges?

2) What is plaintiff's current weight (as opposed to his weight in April, 2016)?

3) Can the Court be assured that the relevant videos from April, 2017 will be preserved and available if and when they become pertinent to this case?

Defendants filed their response to the Court's order in June, 2017, which they supplemented later that month. In those responses, defendants indicate that defendant has been awaiting trial in DOC custody since December, 2013 and that DOC is tasked with implementing orders and sentences imposed by the courts but that it has no role in the underlying criminal proceedings or determining plaintiff's release date. Defendants provided copies of the dockets in the underlying state cases. A review of those dockets indicates that trial is scheduled in Suffolk Superior Court for April 17, 2018 in Commonwealth v. Diaz,

Docket No. 1384CR10997 and in Middlesex Superior Court for May 30, 2018 in Commonwealth v. Diaz, Docket No. 1681CR00047.

In its first response to the Court's inquiry regarding plaintiffs' weight, defendants stated that plaintiff refused to be weighed on two separate occasions. Defendants supplemented that response two weeks later, stating that as part of Diaz's transfer from MCI-Cedar Junction to SBCC, plaintiff was weighed and was recorded as weighing 184 pounds. With respect to the Court's final inquiry, defendants state that the April 22, 2017 video has been preserved and that a copy of the video is available upon request.

In May, 2017, defendants moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e) (Docket No. 67). That motion was referred to Magistrate Judge Kelley, who entered a memorandum and order allowing the motion in August, 2017 and requiring an amended complaint to be filed within 60 days. In that order, the Court determined that the "litany of filings that make up Diaz's complaint" fall short of the threshold requirements of the Federal Rules of Civil Procedure. Stringing together the jumble of filings made by Diaz, the Court determined that he had failed to articulate any coherent claim "beyond a general displeasure with the way in which he has been, and continues to be, treated while in custody". The Court also found that Diaz's filings lacked description of each cause of

action sufficient to permit defendants to identify the specific wrongdoing alleged against each actor.  The Court ordered Diaz to file an amended complaint identifying <u>all</u> defendants, facts, alleged wrongdoing, grounds for relief and specific relief sought in a form that comports with the Federal Rules of Civil Procedure.

When Diaz failed to file an amended pleading within the 60-day timeframe allotted by the Court, defendants moved to dismiss the case for failure to comply with a Court order.  Plaintiff filed a motion for extension of time to file a response to the motion to dismiss in October, 2017, but has yet to file any such response or an amended complaint.

## II.  <u>Defendants' Motion to Dismiss</u> (Docket No. 88)

Defendants move to dismiss this action, contending that plaintiff has failed to comply with the Court order to file an amended complaint within 60 days of August 4, 2017.  Since then, plaintiff has filed three motions: (1) a motion to check facts, (2) a motion to focus the Court's attention and (3) a motion for an extension of time to respond to the motion to dismiss but has not yet filed an amended complaint.  In his motion for extension of time to respond to the motion to dismiss, Diaz challenges the authority of the Court, states that the prison refuses to mail his legal work, claims that he cannot give "names and dates" required of an amended complaint because his documents and notes

were allegedly stolen by the DOC and renews his request for

appointed counsel.

Under Fed. R. Civ. P. 41,

[i]f a plaintiff fails to prosecute or to comply with these
rules or a court order, a defendant may move to dismiss the
action or any claim against it.

Fed. R. Civ. P. 41(b).  While pro se complaints and filings are

construed liberally, Foley v. Wells Fargo Bank, N.A., 772 F.3d

63, 75-76 (1st Cir. 2014), even pro se litigants are bound by

the Federal Rules of Civil Procedure. Janosky v. Mass. P'ship

for Corr. Healthcare, No. 15-cv-12929, 2017 WL 1164490, at *1

(D. Mass. Mar. 28, 2017) (citing F.D.I.C. v. Anchor Props., 13

F.3d 27, 31 (1st Cir. 1994)) (dismissing plaintiff's complaint

for failing to set forth any clear causes of action).  Although

dismissal with prejudice is

strong medicine [that] should be employed only when a
plaintiff's misconduct is extreme, disobedience of court
orders, in and of itself, constitutes extreme misconduct
(and, thus, warrants dismissal).

Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st

Cir. 2002) (affirming the district court's dismissal of the case

for failure to comply with the court's scheduling orders).

In the August, 2017 memorandum and order, Magistrate Judge

Kelley determined that the documents Diaz had filed (and

continues to file) fail to articulate any coherent claim and,

taken even as a whole, are verbose, disjointed and fail to

comport with the requirements of Fed. R. Civ. P. 8.  The
documents filed by plaintiff in the intervening months evince a
similar level of incoherence and disregard for the Federal
Rules.

Among the various accusations parried at defendants and
this Court, Diaz suggests that he has been denied access to pen
and paper, claims that his documents have been destroyed by
prison officials and accuses the Court of ignoring evidence of
defendants' perjury, maliciously denying Diaz's motions in its
May, 2017 memorandum and order and failing to address systematic
corruption in the court system.  Furthermore, in his motion for
an extension of time to respond to defendant's motion to
dismiss, plaintiff states that he "obviously cannot comply" with
the Court's order because defendants' have allegedly stolen his
documents.  Plaintiff submits that he cannot recall the dates of
the "innumerable incidents" because "a plaintiff is not a
computer" and therefore he cannot comply with the court order.

Nowhere in plaintiff's numerous filings has he articulated
a coherent claim or cause of action.  In contravention of the
Court order, plaintiff's filings fail to identify which actor
committed any specific wrongdoing.  Accordingly, plaintiff's
case is subject to dismissal under Fed. R. Civ. P. 41(b).
Although such dismissals are properly done with prejudice,
Tower, 296 F.3d at 46, the Court is cognizant of plaintiff's pro

se status and will dismiss the case without prejudice, allowing Diaz one final chance to comply with the Court's order to file a compliant amended pleading.

Plaintiff is reminded that Fed. R. Civ. P. 8 mandates that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). To meet the requirements of that rule, a complaint must contain "enough detail to provide a defendant with fair notice of what the claim is and the grounds upon which it rests". Silverstrand Inv. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (internal citation omitted).


## ORDER

In accordance with the foregoing, defendants' motion to dismiss for failure to comply with a court order (Docket No. 88) is **ALLOWED** and plaintiffs' motions (Docket Nos. 64, 72, 75, 84, 85 and 90) are **DENIED AS MOOT.** Plaintiff may file an amended complaint in compliance with the memorandum and order on or before April 30, 2018.

**So ordered.**

                                        /s/ Nathaniel M. Gorton_____
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated March 30, 2018